# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4709-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

THOMAS S. PENDLETON,

     Defendant-Appellant.

_____

> Submitted February 22, 2021 – Decided November 18, 2021
>
> Before Judges Messano and Smith.
>
> On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 90-12-1013.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).
>
> Scotta A. Coffina, Burlington County Prosecutor, attorney for respondent (Alexis R. Agre, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SMITH, J.A.D.

Defendant Thomas Pendleton appeals the trial court's denial of his motion for a new trial based upon newly discovered evidence pursuant to R. 3:20-1 and R. 3:20-2. We affirm for the reasons set forth below.

I.

We incorporate the relevant facts and procedural history from our opinion in State v. Pendleton (Pendleton II), No. A-3198-13 (App. Div. Oct. 15, 2015) (slip op. at 1-5).[1] Defendant was convicted in 1993 of various crimes committed against a minor, M.R. We affirmed defendant's conviction and sentence in an unpublished opinion. State v. Pendleton (Pendleton I), No. A-6333-92 (App. Div. Dec. 2, 1994) (slip op. at 36). One of the points that defendant raised on appeal was the State's alleged failure to turn over "Brady" material.[2] Id. at 9. This material was disclosed during discovery in a federal civil suit M.R. filed against defendant. Defendant argued that the information relating to M.R.'s psychological condition and treatment impeached M.R.'s credibility regarding the events at the heart of the crimes. Id. at 22-25. We rejected defendant's claim, concluding that "the defense really knew as much about the subject of M.R.'s

_____

[1] We recite the relevant facts we deem necessary to decide the issues presented on this appeal. A detailed recitation of the facts adduced at defendant's 1992 trial can be found at Pendleton I, slip op. at 1-9.
[2] Brady v. Maryland, 373 U.S. 83 (1963).

mental condition as [did the State][,]" and there was no Brady violation. Id. at 30. Defendant was subsequently convicted of federal crimes in 2010.[3]

In April 2013, while in federal custody, defendant filed a "petition for new trial based on newly discovered evidence pursuant to R. 4:50-1." Defendant asserted that during his federal prosecution, the United States Attorney disclosed M.R.'s full psychiatric history. Defendant attached portions of M.R.'s federal trial testimony in which he answered questions regarding that history. Defendant further alleged inconsistencies existed between M.R.'s trial testimony in New Jersey and his testimony in federal court years later. Defendant sought "any discovery the State possesses regarding th[e] prosecution including any psychiatric or psychological documents and things regarding [M.R.][,]" as well as "all transcripts and documents concerning the case."

The Law Division heard argument on defendant's request in January 2014. Defense counsel contended that the record should be produced so that defendant could pursue his motion for a new trial based upon newly-discovered evidence. Counsel acknowledged "concerns [for] privacy here," and suggested the judge could, in her discretion, limit disclosure. After reserving decision, the judge issued a written opinion on February 4, 2014. Citing Rule 4:50-1(b) and our decision on

---

[3] Defendant was convicted of engaging in illicit sexual conduct in Germany in violation of 18 U.S.C. § 2423(c).

direct appeal (Pendleton I), the judge concluded that "the evidence [defendant] specifically requested would not have affected the outcome of the trial." She also determined that the records defendant requested were "excluded from public access" pursuant to R. 1:38-3(d)(11). The judge then denied defendant's motion. Pendleton II, slip op. 1-5. We reversed and remanded, finding the trial judge should have applied R. 3:20-1 in analyzing whether defendant's relief should have been granted. Instead of conducting a de novo review, we determined that the trial judge was in the best position to "assess and clearly articulate whether defendant's application was sufficient to trigger the State's obligation to turn over the appellate file, or whether the file needed to be reviewed in camera before a complete evaluation could be made." Id. at 9.

As a result of that ruling, a different motion judge issued an order granting in camera review of the State's trial and appellate files to both the State and defense. The in-camera review was conducted "over the course of [one] year . . . ." After the in-camera review was completed, the judge granted leave for defendant to file an amended motion for post-conviction discovery and a new trial. Defendant sought: additional file review, including the trial court's file, as well as the Prosecutor's and Attorney General's files; all of M.R.'s personal medical files; and an order compelling M.R. to testify. The

judge heard oral argument and issued a written opinion on March 27, 2019, denying both motions.

The judge confirmed at oral argument that defendant failed to notify M.R. of the motion, preventing M.R. from filing opposition to protect his medical privilege. The judge disagreed with defendant's position that plaintiff had waived his medical privilege by testifying at the federal trial in 2009, concluding that the three-prong test set forth in In re Kozlov, 79 N.J. 232, 243-44 (1979), had not been satisfied. See State v. Mauti, 208 N.J. 519, 536-39 (2012). Analyzing Kozlov's first prong, the judge specifically found defendant failed to show a legitimate need to reach the evidence sought to be shielded. Kozlov, 79 N.J. at 243-44. As to the request for a new trial based on "newly discovered" evidence, the judge found that defendant did not meet the standard required under R. 3:20-1 to grant a new trial, concluding that M.R.'s post-trial diagnosis of schizoaffective disorder was not sufficient without evidence that M.R. was symptomatic at the time of trial. The judge attributed any inconsistencies argued by defendant between M.R.'s testimony in the 1992 trial and the 2009 trial to "the significant passage of time between events," and found defendant was not entitled to a new trial.

Defendant appeals, arguing that the trial court erred in denying both his request for post-conviction discovery and his motion for a new trial.

II.

We review a trial court's post-conviction discovery ruling under the same abuse of discretion standard governing pre- and post-indictment discovery. State v. Kane, 449 N.J. Super. 119, 132 (App. Div. 2017); Defendant argues that an analysis of the three-prong test set forth in Kozlov justifies release of M.R.'s medical records, where the State does not have possession of same. We disagree. Notably, the motion judge found defendant failed to show a legitimate need to "reach the evidence sought to be shielded," because, as the trial judge determined, "defendant was aware of [M.R.'s] condition at the time of the [sexual assault] incidents and at trial[.]" We note this finding is consistent with our conclusion in Pendleton I. Pendleton I, slip op. at 30. We "recognize[] that only in the most narrow of circumstances, such as where a privilege is in conflict with a defendant's right to a constitutionally guaranteed fair trial, would the need prong of [the Kozlov] test be satisfied." Mauti, 208 N.J. at 538. We see no basis in the entire record to disturb the motion judge's finding that defendant failed to satisfy the needs prong of Kozlov, and consequently we discern no abuse of discretion.

A-4709-18

Motions for a new trial based upon newly discovered evidence are governed by Rule 3:20-2. A party seeking a new trial based on newly discovered evidence must demonstrate that the evidence is, indeed, newly discovered; a new trial is warranted only if the evidence is "'(1) material to the issue and not merely cumulative or impeaching or contradictory; (2) discovered since the trial and not discoverable by reasonable diligence beforehand; and (3) of the sort that would probably change the jury's verdict if a new trial were granted.'" State v. Nash, 212 N.J. 518, 549 (2013) (quoting State v. Carter, 85 N.J. 300, 314 (1981)).

Defendant argues that disclosure of M.R.'s psychiatric diagnosis after his conviction is newly discovered evidence which satisfies all three Carter conditions and warrants a new trial. We disagree, and reject defendant's theory, which posits that since the psychiatric diagnosis came up so soon after trial, M.R. may have suffered from schizoaffective disorder during the trial, affecting his credibility. Defendant offered no proof in the trial record to support the speculative notion that M.R. was in any way symptomatic at the time of his testimony at defendant's trial.[4] M.R.'s credibility was at issue

---

[4] Defendant also relies upon State v. Henries, 306 N.J. Super. 512 (App. Div. 1997), for the principle that a new trial is warranted where a key witness is diagnosed with a severe mental health disorder after they testified at trial. In

during the entire trial, and defendant, who had known M.R. for years, had ample opportunity to challenge his capacity for truthfulness before the jury.

Finally, defendant argues that there are inconsistencies between M.R.'s testimony in state court almost thirty years ago and his testimony in federal court in 2009. We see no basis in the record to second-guess the motion judge who attributed any "inconsistencies" in M.R.'s testimony to the "significant passage of time between the events."

Any arguments not addressed here are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

that case, however, the witness displayed symptoms of mental illness while testifying. Id. at 522-28. This fact pattern is distinguishable from the present case. Defendant has pointed to no proof in the record to show M.R. was symptomatic with respect to schizoaffective disorder while testifying at trial.